E-FILED
Thursday, 14 May, 2026 02:18:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES FLYNN, )<br><br>Plaintiff, )<br><br>v. )<br><br>STEVEN CAMPBELL, *et al.* )<br><br>Defendants. ) | 3:25-cv-03386-SEM-DJQ |

## **ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Lawrence Correctional Center, alleges Defendants violated his Fourteenth Amendment right to due process in their handling of his request for protective custody.

The Court must "screen" Plaintiff's complaint and identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are

insufficient – facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

**Allegations**

Plaintiff names as Defendants Graham Correctional Center administrative officers Steven Campbell and Jeremiah Brown, Administrative Review Board member Margaret Madole, IDOC Director Latoya Hughes, Doe Defendants, ARB member Ryan Rothnagle, Intelligence Officer Gonzales, Intelligence Officer Rich, Unknown Vulnerable Legal Classification Revocation Personnel, and ARB chairperson Michael Clemons.

Plaintiff contends that the United States Constitution entitles him to certain procedural process regarding Defendants' rulings and decisions on his placement, classification, and requests to be placed in protective custody. He puts forth extensive allegations related to reasons he believes certain placement decisions were made in error and without proper procedural process, according to Illinois law and administrative regulations.

**Analysis**

An inmate does not have a protected liberty interest to be housed in any specific correctional center within the state prison system. *See Lekas v. Briley,* 405 F.3d 602, 609 (7th Cir. 2005) ("[A] prisoner may be transferred from one state prison to another without implicating the inmate's liberty interest—even where the conditions of the destination prison are "much more disagreeable" than those of the originating prison.").

Likewise, an inmate does not have a protected liberty interest in any specific classification level or placement within a prison facility (unless the given conditions of confinement amount to an atypical and significant hardship in relation to the significant curtailment of liberty incidental to all prison life). *Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (citing *Moore v. Pemberton,* 110 F.3d 22, 23 (7th Cir. 1997) (two weeks denial of commissary privileges does not implicate liberty interest); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (30 days denial of commissary does not create a liberty interest); *Whitford v. Boglino,* 63 F.3d 527, 533 n.7 (7th Cir. 1995) (demotion to C-grade for six months does not implicate federal due process rights)).

And Plaintiff's allegations that Illinois prison officials failed to follow Illinois regulations or statutes related to the processing of his requests do not state a federal claim. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit.").

IT IS THEREFORE ORDERED:

1. **Plaintiff's Amended Complaint is dismissed without prejudice because it does not state a claim for relief.**

2. **Plaintiff is allowed 28 days to file a motion for leave to amend, with attached proposed amended complaint, if he believes he can plausibly state a federal claim. If the proposed amended complaint still does not state a claim the case will be dismissed.**

Entered this 14th day of May, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT
JUDGE
